In Re: Appeals From Tax Assessments Imposed Against Various Properties Situate in Pocono Mountain Lake Estates, etc.

Argued April 4, 1984, before President Judge CRUMLISH, JR. and Judges MACPHAIL and COLINS, sitting as a panel of three.

David A. Greenick, with him, John T. Stieh, Levy, Stieh & Lander, for appellants.

*John H. Klemeyer, Beecher, Wagner, Rose & Klemeyer,* with him, *John F. Finan,* County Solicitor, for appellee.

OPINION BY JUDGE MACPHAIL, June 7, 1984:

Appellants[1] appeal from the Pike County Court of Common Pleas' decision which upheld the Board of Assessment's (Board) 1980 reassessment of Appellants' real property.

Pursuant to a county wide reassessment of real property in 1980, the Board reassessed Appellants' property using 1973 developer sales as comparable sales for determining the fair market value of the property.[2] Appellants unsuccessfully challenged the reassessment to the Board, and then to the common pleas court contending that the Board should not have used developer sales in determining fair market value because their land was purchased through separate individuals, not developers, and these developer sales were inflated by developer expenses and high pressure sales techniques. Appellants also contend that the Board failed to consider the decline in the fair market value of the property since 1973.

We are satisfied that the common pleas judge in this case, Honorable HAROLD A. THOMSON, P. J., correctly decided the matter. Accordingly, we affirm the common pleas court's order regarding these contentions and we do so on the opinion of Judge THOMSON, reported at 29 Pa. D. & C.3d 155 (1984).

The remaining issue before us is whether the common pleas court abused its discretion by "disregard-

---

[1] Appellants are land owners of lots situated in developments or subdivisions known as Pocono Mountain Lake Estates, Lehman Township; Pocono Mountain Woodland Lakes, Dingman Township; and Tink Wig Mountain Lake Forest, Lackawaxen Township.

[2] On August 3, 1982, the parties stipulated that developer sales were used as comparable sales for determining fair market value.

ing'' Appellants' expert witness'' opinion that developer sales was an improper basis to determine actual market value. To the contrary, the trial court did not disregard that evidence; rather it weighed that evidence against that presented by the Board and accepted the Board's evidence. That is not abuse of discretion, it is the proper exercise of discretion.

### ORDER

The order of the Court of Common Pleas of Pike County, No. 189-1982, dated December 24, 1982 is affirmed.